OPINION
This is an appeal from the Trumbull County Court of Common Pleas. Appellant, Allstate Insurance Company, appeals the judgment entry granting summary judgment in favor of appellees, John Hammer and Catherine Hammer.
Appellees filed a complaint for breach of an insurance contract against appellant on January 28, 1999, to recover underinsured motorist benefits. On August 25, 1999, both parties agreed to submit this matter to the trial court on motions for summary judgment. On October 15, 1999, appellant filed a motion for summary judgment. Subsequently, on October 19, 1999, appellees filed a motion for summary judgment. In a judgment entry dated January 7, 2000, the trial court denied appellant's motion for summary judgment, granted appellees' motion for summary judgment, and ordered appellant to pay appellees the sum of $13,000.
The parties filed their "Stipulations of Fact" on January 27, 2000. Thereafter, on February 1, 2000, appellant timely filed his notice of appeal. Subsequently, on February 8, 2000, the parties filed an "Agreed Statement," pursuant to App.R. 9(D), which revealed the following: (1) on July 20, 1997, appellees were involved in an automobile accident; (2) appellees incurred medical expenses in excess of $33,800, and lost wages of more than $13,000; (3) appellees were insured by appellant with uninsured/underinsured motorist insurance policy limits of $15,000 per person, and $30,000 per occurrence; (4) the tortfeasor was insured by Celina Insurance Group ("Celina") with a policy limit of $100,000; (5) a third party was also injured in the car accident, and Celina paid the third party $10,000, thereby leaving $90,000 in liability insurance; (6) appellant granted permission to appellees to accept the $90,000, and in exchange Celina was released from liability; and (7) the combined value of appellees damages exceeded the $90,000 paid to them.[1] Appellant now asserts the following as error:
 "[1.] The trial court erred to the prejudice of [appellant] by denying [its] motion for summary judgment.
 "[2.] The trial court erred to the prejudice of [appellant] in granting [appellees'] motion for summary judgment and awarding [appellees] damages in the amount of $13,000."
 Preliminarily, we note that based on the evidence before this court, we are unable to address the merits of appellant's arguments. Appellant filed its motion for summary judgment on October 15, 1999, and appellees filed their motion for summary judgment on October 19, 1999. Civ.R. 56(C) states that:
 "* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. * * *" (Emphasis added).
 Here, the trial court issued a judgment entry dated January 7, 2000, denying appellant's motion for summary judgment and granting appellees' motion for summary judgment. According to the record before us, twenty days later, on January 27, 2000, the parties filed their stipulations of fact. Pursuant to Civ.R. 56(C), this was not timely.
Since the stipulations of fact were filed after the trial court rendered its January 7, 2000 judgment, we cannot assume that it had the stipulations before it at that time. Furthermore, no materials, as required by Civ.R. 56(C), were attached to either parties' motion for summary judgment. Accordingly, since the stipulations of fact were filed after the trial court issued its decision, and there are no other materials in the record for us to make a decision, we are unable to address the merits of appellant's claims.
For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas is reversed, and this case is remanded for further proceedings consistent with this opinion.
O'NEILL, P.J. NADER, J., concur.
[1] We note that the February 8, 2000 agreed statement was identical to the stipulation of facts filed with the trial court on January 27, 2000.